IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANIEL BRYCE HURLBURT                                               PLAINTIFF

v.                              Civil No.: 6:18-CV-06088

LIEUTENANT ADAM CLARK,                                              DEFENDANTS
CORPORAL JOSHUA WILLIAMS,
SERGEANT SAMMY JARRETT,
SERGEANT JASON CLEMONS,
LIEUTENANT PAUL WALTER,
SERGEANT MARIO TROBRADOVIE,
SERGEANT ARRINN DELANEY,
CORPORAL MCDONNELL, NURSE
GOLDMAN, MAJOR KENNIE BOLDEN,
WARDEN FAUST, SECURITY PHONE
TECHNOLOGY COMPANY, and
GOVERNOR ASA HUTCHINSON

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on September 12, 2018. (ECF No. 1). He alleges his constitutional rights were violated while he was incarcerated in the Arkansas Department of Correction ("ADC") - Ouachita River Unit. He alleges that on July 24, 2018, Defendant Clark

1

came to his cell and told him to "catch the cuffs." (*Id*. at 5).  Plaintiff alleges Defendant Clark was angry and would not explain why he was telling Plaintiff to do so.  Plaintiff alleges he has "serious mental health issues and this provoked my PTSD and panic disorder." (*Id*.).  When Defendant Clark refused to let Plaintiff use the phone to call his lawyer, Plaintiff had a friend try to use the phone, but the call would not go through.  Plaintiff alleges Defendant Clark used the phone's unlawful technology to keep him from calling his lawyer. (*Id*.).  Plaintiff alleges Defendant Clark then left to assemble a cell extraction team.[1]

When Defendant Clark returned, he tried to spray Plaintiff with mace, but Plaintiff grabbed the mace.  When Defendant Clark told him the cell extraction team was coming in, Plaintiff turned his face away and put his hands above his head "to show non-aggression." (*Id*. at 7).  The cell extraction team then "rushed in and smashed me all over the wall and floor."  Plaintiff tried to say he was not resisting.  After he was on the floor face-down and handcuffed, Plaintiff alleges the team "began punching and kicking me in my head and face and body." (*Id*.)  The team then carried Plaintiff to Isolation, where they cut away his clothes and put him in a shower for "a few seconds." (*Id*. at 7-8).  The team did not permit him to see a nurse.  Instead, they put him in a cell with a bar of soap and told him to "figure it out."[2] (*Id*. at 8).  The water in the sink was turned off.  Plaintiff alleges he was refused a grievance and a phone call to his lawyer because he was on "behavior control."  Plaintiff alleges Defendant Faust refused to investigate this incident. (*Id*.).

Plaintiff alleges he wrote a grievance about the incident and called his lawyer, who then called Defendant Faust.  In retaliation for this, Defendant Clark and Defendant Williams performed a "shakedown" of his cell and took his "law work, prison legal news, law books, hygiene [items],

---

[1] Although Plaintiff does not explicitly state this, the Court will infer from his allegations that he refused to be handcuffed.
[2] Based on these allegations, the Court will infer that at least some of the mace or pepper-spray came into contact with Plaintiff.

2

and even my clothes and blanket." He was told that "Warden Faust is tired of my bullshit." (*Id*. at 9).

Plaintiff proceeds against all Defendants in their official and personal capacities. (*Id*. at 6, 8, 9). He seeks compensatory and punitive damages, a protective order, a change to the use of force policy in the ADC, and the removal the ADC's ability to monitor and block legal phone calls. (*Id*. at 10).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Defendants Governor Hutchinson, Nurse Goldman, Sergeant Sammy Jarrett, Sergeant Jason Clemons, Lieutenant Paul Walter, Sergeant Mario Trobradovie, Sergeant Arrinn Delaney, Corporal McDonnell, and Major Kennie Bolden

Plaintiff's personal capacity claims against these Defendants are subject to dismissal. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged a causal link between any of these Defendants and his claims.[3] *See Martin*, 780 F.2d 1337 (Even a pro se Plaintiff must allege specific facts sufficient to state a claim). Merely listing a defendant in a case caption is insufficient to support a claim against the defendant. *Krych v. Hass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).

### B. Official Capacity Claims

Plaintiff's official capacity claims are subject to dismissal. An official capacity claim against any state employee is essentially a claim against the State of Arkansas. "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "This bar exists whether the relief sought is legal or equitable." *Id.* (quoting *Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting

---

[3] Although Plaintiff makes reference to a cell extraction team in his Complaint, he does not allege that Defendants Jarrett, Clemons, Walter, Trobadovie, Delaney, McDonnell, or Bolden were members of that team.

the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342(1979)). The State of Arkansas and its agencies have not consented to suit in federal court.

### C. Denial of Access to Courts - Defendant Clark

Plaintiff has failed to state a cognizable claim for denial of access to the courts based on his allegation that Defendant Clark did not permit him to call his lawyer after being told to "catch the cuffs." The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

An inmate cannot prevail on an access-to-courts claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis,* 518 U.S. at 351-2; *see also Farver v. Vilches,* 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); and, *McMaster v. Pung,* 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity

5

to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

Plaintiff failed to allege any injury or prejudice to his sentence or conditions of confinement based on his inability to call his lawyer before obeying an order to submit to handcuffs from a prison guard.[4] Indeed, Plaintiff alleges later in his Complaint that he was able to contact his lawyer concerning the incident. Plaintiff has, therefore, failed to state a cognizable claim for denial of access to the courts.

### D. Denial of Access to Courts - Defendant Security Technology Phone Company

Similarly, Plaintiff failed to state a cognizable claim for denial of access to the courts against the Security Technology phone company. Plaintiff alleges only that a phone did not work properly on one occasion when another inmate tried to use it to call Plaintiff's lawyer. Plaintiff further alleges he was later able to contact his lawyer about the incident. This allegation of a single isolated incident where a phone was inoperable does not state a claim of constitutional dimension. *See, e.g., Beaulieu v. Ludeman*, 690 F.3d 1017, 1039 (8th Cir. 2012) ("A prisoner has no right to unlimited phone use. This means that although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use.") (internal citation and quotation omitted); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (an isolated incident of opening an inmate's legal mail, "without any

---

[4] Nor has Plaintiff stated a cognizable due process claim, as inmates do not have a right to either retained or appointed counsel in prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974).

evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation.").

### E. Use of Excessive Force - Defendant Clark

Plaintiff has stated a cognizable personal capacity claim against Defendant Clark.

### F. Denial of Medical Care - Defendant Clark

Plaintiff has stated a cognizable personal capacity claim against Defendant Clark.

### G. Retaliation for Filing a Grievance and Attorney Phone Call - Defendants Clark, Williams, and Faust

Plaintiff has stated a cognizable personal capacity claim against these Defendants.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's claims against Defendants Hutchinson, Goldman, Sergeant Sammy Jarrett, Sergeant Jason Clemons, Lieutenant Paul Walter, Sergeant Mario Trobradovie, Sergeant Arrinn Delaney, Corporal McDonnell, and Major Kennie Bolden, and the Security Phone Technology Company be DISMISSED WITHOUT PREJUDICE.

It is further recommended that Plaintiff's official capacity claims against all Defendants, as well as his personal capacity claim for denial of access to courts against Defendant Clark be DISMISSED WITH PREJUDICE.

It is recommended that Plaintiff's other claims remain for service and further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **31st day of October 2018**.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE