IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANIEL BRYCE HURLBUT                                                                            PLAINTIFF

v.                                         Civil No. 6:18-cv-6088

LIEUTENANT ADAM CLARK, *et al.*                                                           DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed October 31, 2018, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 6). Plaintiff Daniel Bryce Hurlbut has filed objections. (ECF No. 8). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On September 12, 2018, Plaintiff filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated in the Arkansas Department of Correction – Ouachita River Unit. He alleges that Defendant Clark approached him in his cell on July 24, 2018, and instructed him to submit to being handcuffed. Plaintiff alleges that he refused and asked to call his lawyer. Plaintiff appears to allege that he was not allowed to call his lawyer, but that Plaintiff then gave his lawyer's information to a friend, who attempted to call Plaintiff's lawyer on his behalf. Plaintiff alleges that, at that time, Defendant Clark used unlawful technology created by Defendant Security Technology Phone Company to disrupt the call to Plaintiff's lawyer.[1]

---

[1] Plaintiff does not elaborate as to the identity of the friend who attempted to call Plaintiff's attorney. However, based on the allegation that Defendants Clark and Security Technology Phone Company disrupted the call, the Court presumes that Plaintiff's friend is also an inmate at the Arkansas Department of Correction – Ouachita River Unit.

Plaintiff also alleges that, after this, "all security defendants" utilized excessive force when Defendant Clark sprayed him with mace and when a cell-extraction team removed him from his cell. He alleges further that Defendant Clark was deliberately indifferent to his medical needs when he would not permit Plaintiff to see a nurse after being maced and instead left Plaintiff in a cell without running water. Finally, Plaintiff alleges that "all security defendants" and Defendant Faust retaliated against him for later filing a grievance and for calling his attorney by removing his legal materials, hygiene products, clothes, and blanket from his cell. Plaintiff asserts all claims against the respective defendants in both their individual and official capacities.

On October 31, 2018, Judge Ford conducted a preservice screening of Plaintiff's complaint and recommends that the Court dismiss certain of Plaintiff's claims for failure to state a claim upon which relief may be granted. Specifically, Judge Ford finds that Plaintiff fails to allege any facts to establish a causal link between any of his claims and Defendants Governor Hutchinson, Nurse Goldman, Sergeant Sammy Jarrett, Sergeant Jason Clemons, Lieutenant Paul Walter, Sergeant Mario Trobradovie, Sergeant Arrinn Delaney, Corporal McDonnell, and Major Kennie Bolden.[2] Judge Ford also finds that Plaintiff's official capacity claims fail against all defendants in that they are barred by the doctrine of sovereign immunity because the State of Arkansas and its agencies have not consented to this suit. Judge Ford also finds that Plaintiff failed to state cognizable denial of access to the courts claims against Defendants Clark and Security Technology Phone Company because he failed to allege any injury resulting from his inability to use the phone to contact his attorney and because a single instance in which the phone was inoperable does not rise to the level of a constitutional violation. Judge Ford recommends that the Court dismiss the above-discussed

---

[2] Judge Ford noted that, although Plaintiff alleged that a cell-extraction team utilized excessive force against him, he did not allege that Defendants Jarrett, Clemons, Walter, Trobradovie, Delaney, McDonnell, or Bolden were members of that team.

claims. Judge Ford also finds that Plaintiff has asserted plausible claims of excessive force and deliberate indifference against Defendant Clark and of retaliation against Defendants Clark, Williams, and Faust. Judge Ford recommends that those claims remain.

On December 20, 2018, Plaintiff filed objections to Judge Ford's Report and Recommendation. Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections.

## II. DISCUSSION

Plaintiff objects to Judge Ford's recommendation that the Court dismiss without prejudice Defendants Jarrett, Clemons, Walter, Trobradovie, Delaney, McDonnell, and Bolden for failure to allege any facts that establish a causal link between any of Plaintiff's claims and those defendants. Plaintiff also objects to Judge Ford's recommendation that the Court should dismiss without prejudice Plaintiff's denial of access to the courts claims against Defendants Clark and Security Technology Phone Company because he failed to allege any injury resulting from his inability to use the phone and because a single instance in which the phone was inoperable does not rise to the level of a constitutional violation.

Before taking up Plaintiff's specific objections, the Court will first address Judge Ford's recommendations that are not objected to. Plaintiff does not object to Judge Ford's recommendation that the Court dismiss without prejudice his individual capacity claims against Defendants Hutchinson and Goldman for failure to allege any facts to establish a causal link between any of Plaintiff's claims and those defendants. Plaintiff also does not object to Judge Ford's recommendation that the Court dismiss with prejudice all of Plaintiff's official capacity claims pursuant to the doctrine of sovereign immunity. Accordingly, the Court finds that those

3

claims should be dismissed as recommended. The Court will now address Plaintiff's specific objections.

**A. Causal Link**

Judge Ford finds that Plaintiff named Defendants Jarrett, Clemons, Walter, Trobradovie, Delaney, McDonnell, and Bolden in his complaint but failed to allege any facts to establish a causal link between any of his claims and those defendants. Accordingly, Judge Ford recommends dismissal of those defendants.

Plaintiff objects to this recommendation, arguing that Defendants Jarrett, Clemons, Walter, Trobradovie, Delaney, McDonnell, and Bolden were part of the cell extraction team that allegedly utilized excessive force on him. Plaintiff states that his complaint listed those defendants' positions as "ERT," which he now explains means "Emergency Response Team." Although Plaintiff concedes that he did not explain this in his complaint, he asks the Court to construe his complaint leniently and to decline to dismiss Defendants Jarrett, Clemons, Walter, Trobradovie, Delaney, McDonnell, and Bolden. As further support, Plaintiff attaches to his objections a major disciplinary form prepared by Defendant Clark that names Defendants Jarrett, Clemons, Walter, Trobradovie, Delaney, McDonnell, and Bolden as members of the cell extraction team that removed Plaintiff from his cell.

Upon consideration, the Court finds that Plaintiff's individual capacity claims against Defendants Jarrett, Clemons, Walter, Trobradovie, Delaney, McDonnell, and Bolden should remain for service. It is true that Plaintiff's complaint does not explain in detail the meaning behind those defendants' positions being listed as "ERT." However, Plaintiff has since explained the meaning of the abbreviation and provided additional evidence demonstrating that those defendants were part of the cell extraction team involved in his claims. Judge Ford did not have

4

the benefit of this explanation or additional evidence to consider when preparing the instant Report and Recommendation.

The Court is satisfied with Plaintiff's present explanation and evidence. Plaintiff proceeds *pro se* in this case and, thus, his "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Bearing this in mind, the Court finds that Plaintiff's allegations are sufficient to state individual capacity claims against Defendants Jarrett, Clemons, Walter, Trobradovie, Delaney, McDonnell, and Bolden. Thus, those claims should not be dismissed for failure to allege a causal link between those defendants and Plaintiff's claims. Accordingly, the Court will depart from the Report and Recommendation to the extent that it recommends dismissal of those defendants for that reason.

**B. Denial of Access to Courts**

Plaintiff alleges in his complaint that Defendant Clark used unlawful technology created by Defendant Security Technology Phone Company to prevent him from calling his lawyer after Defendant Clark instructed him to submit to handcuffs. Judge Ford finds in the instant Report and Recommendation that Plaintiff failed to state cognizable denial of access to the courts claims against Defendants Clark and Security Technology Phone Company because he failed to allege any injury resulting from his inability to use the phone and because a single instance in which the phone was inoperable does not rise to the level of a constitutional violation. Accordingly, Judge Ford recommends that the Court dismiss those claims without prejudice.

Plaintiff's objections to Judge Ford's recommendation are not responsive to this issue. He argues that Defendants Clark and Security Technology Phone Company should not be allowed to deliberately disrupt a call to his attorney. Plaintiff argues further that Defendants Clark and

5

Security Technology Phone Company disrupted the call to his attorney so that Plaintiff's attorney would not be able to resolve the issue without the use of force. Plaintiff asserts that Defendants did so because they wanted to use excessive force against him. Accordingly, Plaintiff argues that the Court should not dismiss his claim against Defendants Clark and Security Technology Phone Company.

As Judge Ford correctly noted, prison officials must provide inmates with "meaningful access to the courts." *Bounds v. Smith*, 430 U.S. 817, 824 (1977). However, an inmate has no standing to pursue a denial-of-access claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). "Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1038-39 (8th Cir. 2012)

Upon consideration, the Court agrees with Judge Ford. To assert a cognizable claim of denial of access to the courts, Plaintiff must allege that Defendants Clark and Security Technology Phone Company failed to give him a meaningful opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in prejudice or actual injury. Plaintiff has offered no allegations that, taken as true, show that he was denied an opportunity to litigate a claim challenging his sentence or conditions of confinement in a court of law. At most, Plaintiff appears to speculate in his objections that his attorney, if reached by his

6

unnamed friend, could have done something to prevent various defendants in this case from utilizing excessive force against him. This is insufficient to make the necessary showing to assert a cognizable claim. Furthermore, as Judge Ford pointed out, prisoners are not entitled to unlimited telephone usage and, thus, one instance in which the telephone is inoperable is insufficient to give rise to a constitutional violation, as Plaintiff alleges that he was able to subsequently contact his attorney.[3] The Court finds that Plaintiff has failed to assert claims of denial of access to the courts against Defendants Clark and Security Technology Phone Company.[4] Accordingly, the Court finds that those claims should be dismissed as recommended.

### III. CONCLUSION

Upon *de novo* review and for the reasons discussed above, the Court finds that the Report and Recommendation (ECF No. 6) should be adopted to the extent that it recommends dismissal of Plaintiff's official capacity claims and Plaintiff's individual capacity claims against Defendants Hutchinson, Goldman, and Security Technology Phone Company. The Report and Recommendation is also adopted to the extent that it recommends dismissal of Plaintiff's denial of access to the courts claim against Defendant Clark in his individual capacity. Plaintiff's objections to those recommendations offer neither fact nor law which would cause the Court to

---

[3] The Court also notes that Plaintiff cites to no caselaw, and the Court is unaware of any, finding a constitutional violation where a prisoner's friend is unable to make a legal call on his behalf. To be sure, inmates may receive legal assistance from fellow inmates if prison officials do not provide reasonable alternative assistance. *Gassler v. Rayl*, 862 F.2d 706, 707 (8th Cir. 1988). "There is, however, no right to . . . receive legal assistance from a jailhouse lawyer independent of the right of access to the court." *Id.* To begin with, the Court is unaware of caselaw indicating that the "legal assistance" prisoners may receive from jailhouse lawyers involves the jailhouse lawyer calling the prisoner's attorney. Assuming *arguendo* that such authority existed, however, Plaintiff has neither alleged that his friend was a jailhouse lawyer seeking to provide legal assistance, nor that Plaintiff was seeking his friend's help because Defendants would not provide him other reasonable access to the Courts. Accordingly, the Court finds that Plaintiff's claims fail to the extent that they are premised on one instance of his friend's inability to call Plaintiff's lawyer.

[4] As Judge Ford notes, to the extent that Plaintiff intended his claim to assert a violation of due process because his attorney was not contacted prior to some unspecified, internal administrative due process hearing, the claim would likewise fail, as it is well settled that a lawyer need not be made available to an inmate in connection with an administrative due process hearing. *Washington v. Harper*, 494 U.S. 210, 236 (1990).

deviate from Judge Ford's Report and Recommendation. Accordingly, Plaintiff's official capacity claims are hereby **DISMISSED WITH PREJUDICE**. Plaintiff's individual capacity claims against Defendants Hutchinson, Goldman, Security Technology Phone Company are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff's denial of access to the courts claim against Defendant Clark in his individual capacity is also **DISMISSED WITHOUT PREJUDICE**.

The Court declines to adopt the Report and Recommendation to the extent that it recommends dismissal of Plaintiff's individual capacity claims against Defendants Jarrett, Clemons, Walter, Trobradovie, Delaney, McDonnell, and Bolden. Those individual capacity claims—along with Plaintiff's individual capacity claims of excessive force and deliberate indifference against Defendant Clark and of retaliation against Defendants Clark, Williams, and Faust—shall remain for service.

**IT IS SO ORDERED**, this 15th day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge