IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANIEL BRYCE HURLBUT                                                                                    PLAINTIFF

v.                                            Civil No. 6:18-CV-06088

LIEUTENANT ADAM CLARK, *et. al.*                                                                DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned to make a Report and Recommendation.

Currently before the Court is Plaintiff's Motion to Voluntarily Dismiss his case without prejudice. (ECF No. 44). After careful consideration, I make the following Report and Recommendation.

### I. BACKGROUND

Plaintiff filed his Complaint on September 12, 2018. (ECF No. 1). In his Motion to Dismiss, Plaintiff states he has not been able to conduct adequate discovery due to Defendants' refusal to cooperate in the discovery process and the Court's adverse rulings on his discovery motions. (ECF No. 44). He would therefore like to dismiss this case so that he may file a separate action to bring his claims now that he is no longer incarcerated. He requests the dismissal be without prejudice. (*Id*.). Defendants have not filed any objection to the Motion, instead filing a Motion to Stay Proceedings or Deadlines pending the Court's ruling on Plaintiff's Motion to Dismiss. (ECF No. 45).

### II. ANALYSIS

Under Federal Rule of Civil Procedure 41(a)(2), a Plaintiff's request for dismissal after a Defendant's Answer has been served requires a court order. The dismissal may be granted "on terms

1

that the court considers proper." "When deciding whether to exercise its discretion to allow a voluntary dismissal, the district court should consider whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (quoting *Donner v. Alcoa, Inc.* 709 F.3d 694, 697 (8th Cir. 2013) (internal quotations omitted)).

In this case, Plaintiff requested dismissal because he felt he had received insufficient evidence to proceed with his case. Defendants have not objected to the dismissal without prejudice. Thus, the Plaintiff has provided a proper reason for dismissal, and Defendants do not appear to consider themselves prejudiced by dismissal. Nor does it appear that granting the dismissal will result in a waste of judicial time and effort. It is, therefore, appropriate to grant Plaintiff's Motion for Dismissal.

### III. CONCLUSION

Accordingly, it is recommended that Plaintiff's Motion to Voluntarily Dismiss (ECF No. 44) be GRANTED and his case be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of September 2019.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE